IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01765-BNB

NICK L. SMITH,

Plaintiff,

v.

WARDEN REID,
CASE MANAGER MURPHY, and
CLASSIFICATION SPECIALIST OWENS,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 5 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Nick L. Smith is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Smith initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. In an order filed on September 28, 2007, Magistrate Judge Boyd N. Boland directed Mr. Smith to file an amended complaint to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. On November 28, 2007, Mr. Smith filed two slightly different amended Prisoner Complaints. Therefore, on December 4, 2007, Magistrate Judge Boland ordered Mr. Smith to file a single amended complaint. In addition, Magistrate Judge Boland's December 4 order directed Mr. Smith to show cause why this action should not be dismissed for failure to make monthly filing fee payments as required pursuant to 28 U.S.C. § 1915(b)(2). On

January 2, 2008, Mr. Smith filed a second amended Prisoner Complaint and a letter to the Court that addresses his failure to make the monthly filing fee payments. On January 3, 2008, Mr. Smith submitted to the Court a "Department of Corrections Request for Money Order."

Mr. Smith was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action on August 22, 2007. Pursuant to § 1915(b)(1), Mr. Smith was ordered to pay the $350.00 filing fee and he was directed to pay the filing fee in installments. On September 25, 2007, Mr. Smith paid an initial partial filing fee of $5.00. Pursuant to § 1915(b)(2), Mr. Smith is required to make "monthly payments of 20 percent of the preceding month's income credited to [his] account" until the filing fee is paid in full. In the court's August 22 order, Mr. Smith was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. In order to show cause each month, Mr. Smith was directed to file a current certified copy of his inmate trust fund account statement. Mr. Smith was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action.

Following payment of the initial partial filing fee in September, Mr. Smith has not made any monthly filing fee payments and he has failed to submit any certified copies of his inmate trust fund account statement to show cause why he is unable to make the monthly filing fee payments. Even following Magistrate Judge Boland's December 4 order directing Mr. Smith to show cause why this action should not be dismissed for failure to make any monthly filing fee payments, Mr. Smith still has failed make any monthly filing fee payments or to submit a certified copy of his inmate trust fund account

2

statement to demonstrate that he has been unable to make any monthly filing fee payments. The "Department of Corrections Request for Money Order" filed in the Court on January 3 does not demonstrate that a payment will be made in the future because there is no indication that the request ever was submitted to prison officials.

In his January 2 letter to the Court addressing his failure to make any monthly filing fee payments, Mr. Smith alleges that the Limon prison was placed on lockdown on September 12, 2007, for more than five weeks. He further alleges that, during the lockdown, all law library activity was stopped, he had no contact with his case manager, and inmates were not given information regarding law library access until November 17. Mr. Smith also alleges that his property, including his legal material, was taken from him for a period of time, but he fails to allege clearly during what period of time he did not have access to his property. Mr. Smith finally alleges that he had no envelopes and that prison officials have not been providing current or accurate copies of inmate trust fund account statements since the September lockdown.

Mr. Smith's January 2 letter does not demonstrate good cause for his failure to make any monthly filing fee payments since September or to provide certified copies of his inmate trust fund account statement to demonstrate that he was unable to make the required monthly payments. The Court notes that, during the time the prison was locked down, while Mr. Smith allegedly had no access to envelopes or the law library and allegedly was prevented from making monthly filing fee payments or obtaining certified copies of his inmate trust fund account statement, Mr. Smith managed to pay the initial partial filing fee on September 25, to file a motion for appointment of counsel on September 25, and to file a motion for an extension of time on October 31. Mr.

3

Smith also managed to file his first two amended complaints on November 28. Even assuming Mr. Smith somehow was prevented from making monthly filing fee payments or from obtaining certified copies of his inmate trust fund account statement since September, he fails to explain why he did not advise the Court of his inability either to make monthly filing fee payments or to provide the Court with a certified account statement each month. Furthermore, Mr. Smith fails to explain what efforts he made to fulfill his obligation either to make the required monthly filing fee payments or to provide certified copies of his account statement to demonstrate that he was unable to make the monthly filing fee payments.

Therefore, the Court finds that Mr. Smith has failed to show good cause why the instant action should not be dismissed. As a result, the complaint and the action will be dismissed. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice because Plaintiff failed to make any monthly filing fee payments as required pursuant to 28 U.S.C. § 1915(b)(2).

DATED at Denver, Colorado, this 25 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01765-BNB

Nicky L. Smith
Prisoner No. 98861
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/25/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk